UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LUNDA JOYCE BUTLER, ET AL | * | CIVIL ACTION NO. 6:16-CV-0017 |
| VS. | * | JUDGE DOHERTY |
| ACADIANA COMMUNITY BASED SERVICES, INC., ET AL | * | MAGISTRATE JUDGE WHITEHURST |

### ORDER APPROVING SETTLEMENT AGREEMENT

A Complaint was filed on January 7, 2016, in which plaintiff, Lunda Joyce Butler, asserted claims against defendants, Acadiana Community Based Services, Inc. and Alternatives Staffing, Inc., under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). The parties reached a settlement prior to any answer being filed by the defense. Conditional certification of a class was never requested, and no notice of the action was sent to any putative class members.

Ordinarily, when a case has been conditionally certified as a collective action under the FLSA, this Court must approve the settlement before it may be finalized. *See Brooklyn Sav. Bank v. Oneil*, 324 U.S. 697 (1945); *Camp v. Progressive Corp.*, 2004 WL 2149079 (E.D. La. 2004); *Liger v. New Orleans Hornets NBA Limited Partnership*, 2009 WL 2856246 (E.D. La. 2009). However, in this case, no answer has been filed, no conditional certification of a class was requested.

In *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255-56 (5th Cir.2012), the Fifth Circuit held that payment offered to and accepted by plaintiff, pursuant to a Settlement Agreement, is an enforceable resolution of those FLSA claims predicated on a bona fide dispute about the time worked and not as a compromise of guaranteed FLSA substantive rights themselves.

Notably, In *Thomas v. Louisiana*, 534 F.2d 613 (5th Cir.1976), the Fifth Circuit held that a private settlement of FLSA claims was binding and enforceable where the settlement gave employees "everything to which they are entitled under the FLSA at the time the agreement is reached." *Id.* at 615. The Fifth Circuit explained that, "[a]lthough no court ever approved this settlement agreement, the same reason for enforcing a court-approved agreement, *i.e.*, little danger of employees being disadvantaged by unequal bargaining power[,] applies here." *Id.*

Here defendants and Bulter agreed in the Settlement Agreements that the payments Bulter was paid pursuant to the agreement were the amounts due and owing for the disputed number of vacation hours she claimed she had worked and had not been paid. The Settlement Agreement was a way to resolve a bona fide dispute as to the number of hours worked – not at the rate which Butler would be paid for those hours – and Butler received agreed-upon compensation for the disputed number of hours worked.

Because of the early stage of this proceeding, a hearing is not required, but out of an abundance of caution, the parties submitted the settlement for review and approval by the Court. The undersigned reviewed the agreement and determined it to be fair and reasonable.

Accordingly, **IT IS ORDERED** that the Settlement Agreement be approved.

Signed at Lafayette, Louisiana on March 17, 2016.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE: 3/17/2016
BY: lw
TO: RFD, cg

2